NO. 07-05-0454-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 24, 2006
_____

HAL GREGORY GUZINSKY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,024-D; HON. DON EMERSON, PRESIDING
_____

***Anders Memorandum Opinion***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Hal Gregory Guzinsky (appellant) appeals his conviction for criminal non-support. Pursuant to a plea of guilty, and with the benefit of an agreed recommendation from the State for deferred adjudication, the trial court followed the agreed recommendation and placed appellant on community supervision for a period of four years. Subsequently, the State moved to adjudicate appellant's guilt, and a hearing was held on the motion. Appellant admitted several of the allegations that were contained in the motion.

Furthermore, appellant and the State had reached an agreement as to punishment. Thereafter, the trial court found appellant guilty, followed the agreed recommendation, and sentenced appellant to 12 months in a state jail facility. Appellant appealed.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response or brief *pro se.* By letter dated March 21, 2006, this court also notified appellant of his right to tender his own brief or response and set April 20, 2006, as the deadline to do so. To date, appellant filed neither a response, brief or a request for an extension.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed various areas for possible appeal and then satisfactorily explained why each lacked merit. We also conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). It not only confirmed the accuracy of appellate counsel's representations but also failed to reveal any error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

Brian Quinn
Do not publish.          Chief Justice

---

[1]*Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2